IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARY LEE GERBER, JR.,** | : | |
| Petitioner | : | |
| | : | No. 1:18-cv-02358 |
| v. | : | |
| | : | (Judge Rambo) |
| **JOHN WETZEL, et al.,** | : | |
| Respondents | : | |

## **MEMORANDUM**

**I.    BACKGROUND**

Petitioner Gary Lee Gerber, Jr. ("Petitioner"), an inmate presently confined at State Correctional Institution Coal Township, Pennsylvania ("SCI-Coal"), filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 on December 7, 2018. (Doc. No. 1.) Named as Respondents are the Secretary of the Department of Corrections John Wetzel, Superintendent of SCI-Coal Thomas G. McGinley, the District Attorney of Monroe County E. David Christine, and the Pennsylvania Attorney General.[1] (Id.) The required filing fee has been paid. Along with the petition, Petitioner filed a motion to stay this action so that he can seek further collateral relief via an action filed pursuant to Pennsylvania's Post Conviction

---

[1] While Petitioner has named four Respondents in the instant petition, the Court notes that the only proper Respondent is the custodian of Petitioner, Superintendent Thomas G. McGinley. See 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."); see also Rumsfeld v. Padilla, 542 U.S. 426, 434, 442 (2004) (providing that for purposes of a habeas action, the petitioner's custodian is the warden of the institution holding the petitioner).

Relief Act ("PCRA")[2] in a Common Pleas Court in Pennsylvania. (Doc. No. 4.) Petitioner notes that he has filed his second PCRA petition which is scheduled for an evidentiary hearing on February 26, 2019. (Id.)

According to the petition, Petitioner was convicted of first-degree murder on July 14, 2010 and sentenced to life imprisonment. (Doc. No. 1.) He provides that he filed a direct appeal that the Superior Court subsequently remanded to the trial court on February 27, 2012 to conduct an evidentiary hearing based on newly discovered DNA evidence. (Id.) Petitioner alleges he was re-sentenced, and that his subsequent appeal to the Superior Court was denied on January 7, 2015. (Id.) On July 27, 2015, Petitioner maintains that he filed his first PCRA petition. (Id.) This petition was denied on September 16, 2016 by the PCRA Court and Petitioner appealed the denial to the Superior Court which affirmed the dismissal on November 21, 2017. (Id.) Petitioner provides that he filed an allowance of appeal to the Supreme Court of Pennsylvania which was denied on May 29, 2018. (Id.)

On July 30, 2018, Petitioner alleges that he filed a second PCRA petition. (Id.) On October 25, 2018, the PCRA Court appointed counsel and scheduled an

---

[2] See 42 Pa. Cons. Stat. Ann. § 9541 et seq. One of the avenues for relief in the Pennsylvania legal system is collateral relief under the PCRA, "which permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

evidentiary hearing for February 26, 2019.  (Id.)  Petitioner provides that he filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 7, 2018 so that he would not be time-barred from federal review.  (Id.); see also 28 U.S.C. § 2244(d)(1).

## II. DISCUSSION

Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective.  28 U.S.C. § 2254(b)(1).  The exhaustion requirement is not a mere formality.  Rather, it serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights.

However, federal habeas corpus relief may not be granted on a petition consisting of unexhausted claims.  See Rose v. Lundy, 455 U.S. 509, 522 (1982).  Nevertheless, in both Rhines v. Weber, 544 U.S. 269 (2005) and Crews v. Horn, 360 F.3d 146 (3d Cir. 2004), a § 2254 petitioner filed a timely but mixed federal habeas corpus petition.  Both Rhines and Crews addressed arguments that federal habeas petitions should be held in abeyance while unexhausted claims were

exhausted in state court because those claims might be time barred upon returning to federal court due to the time limitations imposed by 28 U.S.C. § 2254(b)(1). Rhines recognized that under such "limited circumstances" district courts have discretion to stay a mixed § 2254 federal habeas corpus petition so that the petitioner can pursue review of his unexhausted claims in state court. Rhines, 544 U.S. at 277. The United States Court of Appeals for the Third Circuit in Crews similarly recognized that in order to avoid an unfair result, "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." Crews, 360 F.3d at 154 (internal citations omitted).

While both Rhines and Crews contemplate that a federal habeas petition must be timely filed, there is no clear indication that Petitioner's pending federal habeas petition is untimely pursuant to the Antiterrorism and Effective Death Penalty Act of 1996. See 28 U.S.C. § 2244(d)(1). Petitioner has requested a stay because his pending § 2254 action consists of claims that he is also asserting via a second PCRA petition which is presently under consideration in Pennsylvania state court. As in Crews, Petitioner should not face the prospect of forfeiting federal court review of his issues. To this end, there is no indication that Petitioner is seeking to defer adjudication of his claims or to defeat the interests of finality of state court judgments. Accordingly, Petitioner's request for a stay will be granted.

4

However, so that this matter moves forward, within thirty (30) days of disposition of Petitioner's state court PCRA proceedings, he will be required to file a written status report with this Court which includes a copy of the relevant state court disposition. Failure to timely file the required written status report may be deemed a failure to prosecute. Finally, upon demonstration by Petitioner that his relevant state court proceedings have concluded, the stay issued in this matter will be lifted. Until such time, this matter will be marked closed for administrative purposes. An appropriate Order follows.

                                              s/Sylvia H. Rambo
                                              SYLVIA H. RAMBO
                                              United States District Judge

Dated: January 7, 2019